

## The Rosen Law Firm
### INVESTOR COUNSEL

Sara Fuks, Esq.
sfuks@rosenlegal.com

February 28, 2024

**VIA ECF**

Honorable Dale E. Ho
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

>        Re:    ***Sporn v. BrainStorm Cell Therapeutics Inc., et. al.***
>               <u>No. 1:23-cv-09630-DEH</u>

Dear Judge Ho:

We represent Lead Plaintiff George Colby ("Lead Plaintiff") in the above-referenced securities class action. Pursuant to the Court's February 22, 2024 Order (Dkt. No. 22), we write to oppose consolidation of this federal securities class action (the "*Sporn* Action" or the "Securities Action") with *Porteous v. Lebovits, et al.*, No. 1:24-cv-01095-DEH (the "*Porteous* Action") and *Andrev v. Lebovits, et al.*, No. 1:24-cv-01101-DEH (the "*Andrev* Action," together with the *Porteous* Action, the "Derivative Actions").

The Securities Action presently pending before this Court is a securities class action lawsuit brought on behalf of persons or entities who purchased or otherwise acquired publicly traded BrainStorm Cell Therapeutics, Inc. ("BrainStorm" or the "Company") securities between August 15, 2022 and September 27, 2023, inclusive (the "Class Period"). The Securities Action asserts claims under and pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§78j(b) and 78t(a)] and Rule 10b-5 promulgated thereunder, against the Company and two of its senior leaders. In contrast, the Derivative Actions, *brought on behalf of BrainStorm*, assert several state law claims for breach of fiduciary duty against various Company officers and directors. For the reasons set forth herein, Lead Plaintiff respectfully submits that the Securities Action should not be consolidated with the Derivative Actions. Lead Plaintiffs' position is consistent with well-settled authority in this Court and courts across the country.

First, the Securities Action and the Derivative Actions seek distinct forms of relief from different defendants—most importantly, plaintiffs in the Derivative Actions ("Derivative Plaintiffs") sue and ***seek relief on behalf of the Company***, whereas Lead Plaintiff and the putative

1

class in the Securities Action sues and ***seeks recovery directly from the Company.*** Given this important distinction between the Company's position in the Securities Action compared to the Derivative Actions, consolidation presents a significant risk of prejudice and confusion, which undermines judicial economy and weighs heavily against consolidation. Indeed, as many courts have found, derivative actions and securities class actions are most efficiently tried in tandem as opposed to in a consolidated action. *See, e.g., In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 2009 WL 50132, at *4-5 (S.D.N.Y. Jan. 5, 2009) (citing cases). *See, also., Cucci v. Edwards*, 2007 WL 3396234, at *2 (C.D. Cal. Oct. 31, 2007) ("Furthermore, prosecution of the Shareholder Derivative Action would likely conflict with [the Company's] defense of the Securities Class Action, since the shareholder derivative Plaintiffs would need to prove allegations that would seriously undermine [the Company's] defense of the class action.").

Second, consolidation of the Securities Action with the Derivative Actions would also likely cause prejudice and confusion because the principal claims in Securities Action are fundamentally different in nature than those in the Derivative Actions. The Securities Action solely concerns securities law claims arising from misrepresentations and omissions in BrainStorm's public disclosures, and principally seeks recovery from BrainStorm itself, in addition to its top executive officers. By contrast, the Derivative Actions are fundamentally Delaware state law claims based principally on the misconduct of the members of BrainStorm's board of directors (some of which happens to underlie the common allegations of misstatements and omissions) in breach of their fiduciary duties and resulting in unjust enrichment and corporate waste, to the detriment of BrainStorm. The Derivative Actions seek to recover from the two executive officers named as defendants in the Securities Action *on behalf of BrainStorm* as the victim of these individuals' misconduct.

Third, given the vastly different nature of the Securities Action and the Derivative Actions, consolidation would result in prejudice and confusion because a great deal of evidence presented in the Securities Action would not be relevant to issues in the Derivative Actions, and vice versa. *See Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993). The elements of a securities fraud claim under Section 10(b) of the Exchange Act and Rule 10b-5, and thus, the elements to be proven in the Securities Action are entirely different than Delaware state law breach of fiduciary duty claims. They are: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 460-61 (2013).

In contrast to the federal securities claims above, under Delaware state law, the "elements of breach of fiduciary duty are: (i) that a fiduciary duty exists; and (ii) that a fiduciary breached that duty." *See Heller v. Kiernan*, No. 1484-K, 2002 WL 385545, at *3 (Del. Ch. Feb. 27, 2002), aff'd, 806 A.2d 164 (Del. 2002). Officers and directors owe fiduciary duties of care and loyalty to the corporation and its shareholders. *Gantler v. Stephens*, 965 A.2d 695, 708-09 (Del. 2009). "A director's duty to exercise an informed business judgment implicates the duty of care. Director liability for breaching the duty of care is predicated upon concepts of gross negligence." *McMullin v. Beran*, 765 A.2d 910, 921 (Del. 2000).

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

In sum, where, as here, "the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues." *See Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 81. Despite some commonality concerning certain alleged misstatements and/or omissions, the Securities Action is fundamentally different in nature than the Derivative Actions. As demonstrated above, because the Securities Action and the Derivative Actions differ to a meaningful degree in terms of the alleged conduct at issue, the claims to be proven and, critically, the posture of BrainStorm as a defendant in the Securities Action and as the party on behalf of whom Derivative Plaintiffs bring the Derivative Actions, the "prejudice[] and confusion resulting from . . . consolidation greatly outweigh any resulting benefit." *Gilliam v. Fidelity Mgmt. & Res. Co.*, 2005 WL 1288105, at *4 (D. Mass. 2005); *Cucci v. Edwards*, 2007 WL 3396234, at *2.

Even if the Securities Action is not consolidated with the Derivative Actions (it should not be) the Court may nevertheless manage the Securities Action and the Derivative Actions in a coordinated manner that promotes efficiency. Fed. R. Civ. P. 42(a) (Court may coordinate the actions to promote efficiency absent consolidation); *see also In re Bear Stearns Cos.*, 2009 WL 50132, at *5 ("The fact that these Actions are not consolidated, however, does not prevent their reasonable coordination for pretrial purposes.").

We are happy to answer any questions that the Court may have.

Respectfully submitted,

/s/ *Sara Fuks*

Sara Fuks

cc:   All counsel of record (via ECF)

3

**THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827**