**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELI SPORN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BRAINSTORM CELL THERAPEUTICS INC., CHAIM LEBOVITS, and STACY LINDBORG, and RALPH KERN,<br><br>Defendants. | Case No.: 1:23-cv-09630-DEH |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED CLASS ACTION COMPLAINT

Defendants BrainStorm Cell Therapeutics Inc. ("BrainStorm"), Chaim Lebovits ("Lebovits"), Stacy Lindborg ("Lindborg"), and Ralph Kern ("Kern") (collectively, the "Defendants"), by and through their attorneys, hereby answer and assert affirmative defenses to Lead Plaintiff George Colby's ("Colby"), and Named Plaintiffs Brett Shirley's ("Shirley") and Eli Sporn's ("Sporn") (together, "Plaintiffs") Amended Class Action Complaint ("Amended Complaint").

## GENERAL DENIAL

Except as otherwise expressly admitted in the paragraphs below, Defendants deny each and every allegation in the Amended Complaint, and specifically deny any and all wrongdoing and/or liability to Plaintiffs or the purported class members. To the extent that the Amended Complaint contains allegations dismissed by the Court pursuant to the Court's Opinion and Order (Dkt. No. 39), no response to those allegations is required. To the extent that any allegation in the Amended Complaint is not specifically and expressly admitted, it is denied. To the extent that the

1

Amended Complaint contains characterizations of the law and legal conclusions, no response is required, and this Answer contains no response to such characterizations of the law and legal conclusions other than their general denial. The table of contents and headings in the Amended Complaint are not allegations and, therefore, do not require a response. To the extent that any response is required to the table of contents, headings, or other unnumbered paragraphs in the Amended Complaint, Defendants deny all allegations of wrongdoing and/or liability to Plaintiffs or the purported class members in the table of contents, headings, or other unnumbered paragraphs. Defendants expressly reserve the right to amend or supplement this Answer as may be necessary or appropriate.

### SPECIFIC RESPONSES TO THE PARAGRAPHS IN THE AMENDED COMPLAINT

### I.    NATURE OF THE ACTION[1]

1.    To the extent that Paragraph 1 and Footnotes 1-2 contain characterizations of the Amended Complaint, no response is required. To the extent that Paragraph 1 and Footnotes 1-2 contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 1 and Footnotes 1-2, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' alleged "personal knowledge," "information and belief," or the "investigation conducted by and through Investors' attorneys," and respectfully refer the Court to the documents referenced in Paragraph 1 and Footnotes 1-2 for the exact content and context thereof.

2.    To the extent that Paragraph 2 contains characterizations of the Amended Complaint or characterizations of the law and legal conclusions, no response is required. To the

---

[1] Section headings set forth in the Amended Complaint are repeated herein for ease of reference. Defendants do not admit (and expressly deny) the characterizations in Plaintiffs' section headings set forth herein.

extent that Paragraph 2 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 2.

## II. PRELIMINARY STATEMENT

3. Defendants deny the allegations in Paragraph 3, except admit that BrainStorm is a clinical-stage biopharmaceutical company, that BrainStorm has a proprietary treatment for Amyotrophic Lateral Sclerosis ("ALS") (which is also known as Lou Gehrig's disease) called NurOwn, and that ALS is a fatal disease that causes decline in motor functioning.

4. Defendants deny the allegations in Paragraph 4, except admit that BrainStorm met with the Food and Drug Administration ("FDA") in November 2016 after conducting a Phase 2 trial of NurOwn.

5. Defendants deny the allegations in Paragraph 5, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of any statements allegedly made to Plaintiffs' counsel by the former employee referenced in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6, except admit that the primary efficacy endpoint of the Phase 3 clinical trial was analysis involving the Revised Amyotrophic Lateral Sclerosis Functional Rating Scale (ALSFRS-R) slope, and that the ALSFRS-R is a rating scale that that measures an ALS patient's functional abilities and is used to measure change over time.

7. Defendants deny the allegations in Paragraph 7, and respectfully refer the Court to the document referenced in Paragraph 7 for the exact content and context thereof.

8. Defendants deny the allegations in Paragraph 8, except Defendants admit that BrainStorm met with the FDA on November 21, 2016; August 7, 2017; and February 5, 2020.

9.       Defendants deny the allegations in Paragraph 9 and Footnote 3, and respectfully refer the Court to the FDA Briefing Document issued on September 25, 2023 ("FDA Briefing Document"), on which the allegations in Paragraph 9 and Footnote 3 appear to be, in part, based, and the document referenced in Paragraph 9 and Footnote 3 for the exact content and context thereof.

10.       Defendants deny the allegations in Paragraph 10, and respectfully refer the Court to the document referenced in Paragraph 10 for the exact content and context thereof.

11.       To the extent that Paragraph 11 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 11 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 11, and respectfully refer the Court to the documents referenced in Paragraph 11 for the exact content and context thereof.

12.       Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery, such that no response to the allegations in Paragraph 12 is required. To the extent that Paragraph 12 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 12 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 12, and respectfully refer the Court to the document referenced in Paragraph 12 for the exact content and context thereof.

13.       To the extent that Paragraph 13 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 13 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 13, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the

Court to the document referenced in Paragraph 13 for the exact content and context thereof and to the closing prices for BrainStorm common stock on November 16, 2020, and November 17, 2020, as reported by NASDAQ.

14.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 14 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 14, and respectfully refer the Court to the document referenced in Paragraph 14 for the exact content and context thereof.

15.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 15 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 15, and respectfully refer the Court to the document referenced in Paragraph 15 for the exact content and context thereof.

16.     To the extent that Paragraph 16 and Footnote 4 contain characterizations of the Amended Complaint or characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 16 and Footnote 4 contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 16 and Footnote 4, and respectfully refer the Court to the document referenced in Paragraph 16 and Footnote 4 for the exact content and context thereof.

17.     To the extent that Paragraph 17 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 17 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 17, and respectfully refer the Court to the document referenced in Paragraph 17 for the exact content and context

thereof.

18.    To the extent that Paragraph 18 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 18 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 18, and respectfully refer the Court to the document referenced in Paragraph 18 for the exact content and context thereof.

19.    To the extent that Paragraph 19 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 19 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 19, and respectfully refer the Court to the document referenced in Paragraph 19 for the exact content and context thereof.

20.    To the extent that Paragraph 20 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 20 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 20, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the closing prices for BrainStorm common stock on February 19, 2021, and February 23, 2021, as reported by NASDAQ.

21.    To the extent that Paragraph 21 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 21 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 21, and respectfully refer the Court to the document referenced in Paragraph 21 for the exact content and context thereof.

22.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all

claims based opinion statements, such that no response to the allegations in Paragraph 22 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 22, and respectfully refer the Court to the document referenced in Paragraph 22 for the exact content and context thereof.

23.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 23 is required. To the extent that Paragraph 23 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 23 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 23, and respectfully refer the Court to the document referenced in Paragraph 23 for the exact content and context thereof.

24.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 24 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 24, and respectfully refer the Court to the document referenced in Paragraph 24 for the exact content and context thereof.

25.     Defendants admit that BrainStorm submitted the Biologics License Application 125782 (the "BLA") to the FDA on September 9, 2022.

26.     To the extent that Paragraph 26 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 26 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 26, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the document referenced in Paragraph 26 for the exact content and context thereof and to

the closing prices for BrainStorm common stock on November 9, 2022, and November 10, 2022, as reported by NASDAQ.

27.        Defendants deny the allegations in Paragraph 27, and respectfully refer the Court to the document referenced in Paragraph 27 for the exact content and context thereof.

28.        To the extent that Paragraph 28 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 28 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 28, and respectfully refer the Court to the document referenced in Paragraph 28 for the exact content and context thereof.

29.        Defendants deny the allegations in Paragraph 29, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of any statements allegedly made to Plaintiffs' counsel by the former employees referenced in Paragraph 29 of the Amended Complaint.

30.        Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, forward-looking statements, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 30 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 30, and respectfully refer the Court to the document referenced in Paragraph 30 for the exact content and context thereof.

31.        Defendants deny the allegations in Paragraph 31, except admit that BrainStorm met with the FDA on January 11, 2023.

32.        To the extent that Paragraph 32 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 32 contains factual allegations

to which a response is required, Defendants deny the allegations in Paragraph 32, and respectfully refer the Court to the document referenced in Paragraph 32 for the exact content and context thereof.

33.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the allegations in Paragraph 33 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 33, and respectfully refer the Court to the document referenced in Paragraph 33 for the exact content and context thereof.

34.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the allegations in Paragraph 34 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 34, and respectfully refer the Court to the document referenced in Paragraph 34 for the exact content and context thereof.

35.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 35 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 35, and respectfully refer the Court to the document referenced in Paragraph 35 for the exact content and context thereof.

36.    Defendants deny the allegations in Paragraph 36, except admit that the FDA released the FDA Briefing Document on September 25, 2023, and that the Advisory Committee met on September 27, 2023, and respectfully refer the Court to the document referenced in Paragraph 36 for the exact content and context thereof.

37.    Defendants deny the allegations in Paragraph 37, and respectfully refer the Court

to the document referenced in Paragraph 37 for the exact content and context thereof.

38.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, forward-looking statements, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 38 is required. To the extent that Paragraph 38 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 38 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 38, and respectfully refer the Court to the document referenced in Paragraph 38 for the exact content and context thereof.

39.    To the extent that Paragraph 39 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 39 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 39, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the document referenced in Paragraph 39 for the exact content and context thereof and to the closing prices for BrainStorm common stock on September 22, 2023, and September 25, 2023, as reported by NASDAQ.

40.    To the extent that Paragraph 40 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 40 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 40, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the document referenced in Paragraph 40 for the exact content and context thereof and to the closing prices for BrainStorm common stock on September 27, 2023, and September 28, 2023, as reported by NASDAQ.

41.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 41 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 41, except admit that BrainStorm sold shares of BrainStorm common stock during the alleged class period, and respectfully refer the Court to BrainStorm's U.S. Securities and Exchange Commission ("SEC") filings describing those sales for the exact content and context thereof.

42.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 42 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 42, and respectfully refer the Court to the Form 4 for the referenced sales for the exact content and context thereof.

### III.     JURISDICTION AND VENUE

43.     To the extent that Paragraph 43 contains characterizations of the Amended Complaint, no response is required. To the extent that Paragraph 43 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 43 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 43.

44.     To the extent that Paragraph 44 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 44 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 44.

45.     To the extent that Paragraph 45 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 45 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 45.

11

46.     To the extent that Paragraph 46 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 46 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 46.

## IV.   PARTIES

47.     To the extent that Paragraph 47 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 47 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 47, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Colby's stock purchases as set forth in Exhibit C.

48.     To the extent that Paragraph 48 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 48 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 48, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Shirley's stock purchases as set forth in Exhibit D.

49.     To the extent that Paragraph 49 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 49 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 49, except state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Sporn's stock purchases as set forth in his PSLRA Certification.

50.     Defendants deny the allegations in Paragraph 50, except admit that BrainStorm is incorporated in Delaware, that BrainStorm's principal executive offices during the alleged class period were located at 1325 Avenue of Americas, 28th Floor, New York, New York, 10019, and that BrainStorm common stock trades on the NASDAQ stock market under the ticker symbol "BCLI."

51.        To the extent that Paragraph 51 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 51 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 51, and respectfully refer the Court to the documents referenced in Paragraph 51 for the exact content and context thereof.

52.        To the extent that Paragraph 52 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 52 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 52, except admit that Mr. Lebovits is the current CEO of BrainStorm, and that Mr. Lebovits joined BrainStorm in 2007, and respectfully refer the Court to the documents referenced in Paragraph 52 for the exact content and context thereof.

53.        Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 53 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 53, and respectfully refer the Court to the documents referenced in Paragraph 53 for the exact content and context thereof.

54.        To the extent that Paragraph 54 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 54 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 54, except admit that Stacy Lindborg joined BrainStorm as Executive Vice President and Chief Development Officer in June 2020 and served as Co-Chief Executive Officer from January 2023 to May 9, 2024, and respectfully refer the Court to the documents referenced in Paragraph 54 for the exact content and context thereof.

55.      To the extent that Paragraph 55 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 55 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 55, except admit that Ralph Kern joined BrainStorm in March 2017 as Chief Operating Officer and Chief Medical Officer, and became President and Chief Medical Officer from April 2020 until January 2023, and respectfully refer the Court to the documents referenced in Paragraph 55 for the exact content and context thereof.

56.      To the extent that Paragraph 56 consists of a defined term, no response is required. To the extent that Paragraph 56 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 56.

57.      To the extent that Paragraph 57 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 57 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 57.

58.      To the extent that Paragraph 58 consists of a defined term, no response is required. To the extent that Paragraph 58 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 58.

## V.      DEFENDANTS' MISCONDUCT

### a.  BACKGROUND

#### *ALS and NurOwn*

59.      Defendants deny the allegations in Paragraph 59, and respectfully refer the Court to the transcript for the September 27, 2023 meeting of the FDA Center for Biologics Evaluation and Research 75th Meeting of the Cellular, Tissue, and Gene Therapies Advisory Committee (the "AdComm Meeting Transcript"), on which the allegations in Paragraph 59 appear to be based, for

14

the exact content and context thereof.

60.  Defendants deny the allegations in Paragraph 60, and respectfully refer the Court to the AdComm Meeting Transcript, on which the allegations in Paragraph 60 appear to be based, for the exact content and context thereof.

61.  Defendants deny the allegations in Paragraph 61, except admit that there are few approved treatments for ALS, and respectfully refer the Court to the FDA Briefing Document, on which the allegations in Paragraph 61 appear to be based, for the exact content and context thereof.

62.  Defendants deny the allegations in Paragraph 62, except admit that BrainStorm has a proprietary treatment for ALS called NurOwn and that NurOwn is a cellular therapy based on mesenchymal stem cells, and respectfully refer the Court to the AdComm Meeting Transcript, on which the allegations in Paragraph 62 appear to be based, for the exact content and context thereof.

### FDA Regulatory Background

63.  To the extent that Paragraph 63 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 63 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 63.

64.  To the extent that Paragraph 64 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 64 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 64.

65.  To the extent that Paragraph 65 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 65 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 65.

66.  To the extent that Paragraph 66 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 66 contains factual allegations

to which a response is required, Defendants deny the allegations in Paragraph 66.

67.     To the extent that Paragraph 67 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 67 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 67.

68.     To the extent that Paragraph 68 and Footnote 5 contain characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 68 and Footnote 5 contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 68 and Footnote 5.

69.     To the extent that Paragraph 69 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 69 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 69, and respectfully refer the Court to the statute referenced in Paragraph 69 for the exact content and context thereof.

70.     To the extent that Paragraph 70 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 70 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 70, and respectfully refer the Court to the regulation and document referenced in Paragraph 70 for the exact content and context thereof.

71.     To the extent that Paragraph 71 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 71 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 71, and respectfully refer the Court to the statute and regulation referenced in Paragraph 71 for the exact content and context thereof.

72.     To the extent that Paragraph 72 contains characterizations of the law and legal

conclusions, no response is required. To the extent that Paragraph 72 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 72, and respectfully refer the Court to the document referenced in Paragraph 72 for the exact content and context thereof.

73. To the extent that Paragraph 73 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 73 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 73, and respectfully refer the Court to the document referenced in Paragraph 73 for the exact content and context thereof.

74. To the extent that Paragraph 74 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 74 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 74, and respectfully refer the Court to the regulation referenced in Paragraph 74 for the exact content and context thereof.

75. To the extent that Paragraph 75 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 75 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 75.

76. To the extent that Paragraph 76 consists of defined terms, no response is required. To the extent that Paragraph 76 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 76 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 76.

77. To the extent that Paragraph 77 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 77 contains factual allegations

17

to which a response is required, Defendants deny the allegations in Paragraph 77, and respectfully refer the Court to the document referenced in Paragraph 77 for the exact content and context thereof.

78.     To the extent that Paragraph 78 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 78 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 78, and respectfully refer the Court to the document referenced in Paragraph 78 for the exact content and context thereof.

79.     To the extent that Paragraph 79 consists of defined terms, no response is required. To the extent that Paragraph 79 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 79 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 79, and respectfully refer the Court to the document referenced in Paragraph 79 for the exact content and context thereof.

### ALS Clinic Trial Endpoints

80.     To the extent that Paragraph 80 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 80 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 80, and respectfully refer the Court to the document referenced in Paragraph 80 for the exact content and context thereof.

81.     Defendants deny the allegations in Paragraph 81, and respectfully refer the Court to the FDA Briefing Document, on which the allegations in Paragraph 81 appear to be based, for the exact content and context thereof.

82.     Defendants deny the allegations in Paragraph 82 and Footnotes 6-7, and

respectfully refer the Court to the documents referenced in Paragraph 82 and Footnotes 6-7 for the exact content and context thereof.

83. Defendants deny the allegations in Paragraph 83, and respectfully refer the Court to the FDA Briefing Document, on which the allegations in Paragraph 83 appear to be based, for the exact content and context thereof.

84. To the extent that Paragraph 84 consists of defined terms, no response is required. To the extent that Paragraph 84 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 84 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 84, and respectfully refer the Court to the document referenced in Paragraph 84 for the exact content and context thereof.

85. To the extent that Paragraph 85 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 85 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 85, and respectfully refer the Court to the document referenced in Paragraph 85 for the exact content and context thereof.

86. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, such that no response to the allegations in Paragraph 86 is required. To the extent that Paragraph 86 consists of defined terms, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 86, and respectfully refer the Court to the FDA Briefing Document and the AdComm Meeting Transcript, on which the allegations in Paragraph 86 appear to be based, the for the exact content and context thereof.

87. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all

claims based on the alleged statements regarding biomarker data, such that no response to the allegations in Paragraph 87 is required. To the extent that Paragraph 87 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 87 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 87, and respectfully refer the Court to the documents referenced in Paragraph 87 for the exact content and context thereof.

88.       Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, such that no response to the allegations in Paragraph 88 and Footnote 8 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 88 and Footnote 8 and respectfully refer the Court to the document referenced in Paragraph 88 and Footnote 8 for the exact content and context thereof.

### The BLA Submission Process

89.       To the extent that Paragraph 89 and Footnote 9 contain characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 89 and Footnote 9 consist of defined terms, no response is required. To the extent that Paragraph 89 and Footnote 9 contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 89 and Footnote 9, and respectfully refer the Court to the document referenced in Paragraph 89 and Footnote 9 for the exact content and context thereof.

90.       To the extent that Paragraph 90 and Footnote 10 contain characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 90 and Footnote 10 contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 90 and Footnote 10, and respectfully refer the Court to the document referenced in

Paragraph 90 and Footnote 10 for the exact content and context thereof.

91.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 91 is required. To the extent that Paragraph 91 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 91 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 91, and respectfully refer the Court to the document referenced in Paragraph 91 for the exact content and context thereof.

92.    To the extent that Paragraph 92 and Footnote 11 contain characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 92 and Footnote 11 contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 92 and Footnote 11, and respectfully refer the Court to the document referenced in Paragraph 92 and Footnote 11 for the exact content and context thereof.

### Relevant Principles of Clinical Trial Design

93.    To the extent that Paragraph 93 consists of defined terms, no response is required. To the extent that Paragraph 93 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 93.

94.    To the extent that Paragraph 94 and Footnote 12 contain characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 94 and Footnote 12 consist of defined terms, no response is required. To the extent that Paragraph 94 and Footnote 12 contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 94 and Footnote 12, and respectfully refer the Court to the documents referenced in Paragraph 94 and Footnote 12 for the exact content and context thereof.

21

95.     To the extent that Paragraph 95 consists of defined terms, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 95, and respectfully refer the Court to the AdComm Meeting Transcript, on which the allegations in Paragraph 95 appear to be based, for the exact content and context thereof.

96.     To the extent that Paragraph 96 consists of a defined term, no response is required. To the extent that Paragraph 96 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 96.

97.     To the extent that Paragraph 97 and Footnote 13 consist of defined terms, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 97 and Footnote 13, and respectfully refer the Court to the document referenced in Paragraph 97 and Footnote 13 for the exact content and context thereof.

98.     To the extent that Paragraph 98 and Footnotes 14-16 contain characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 98 and Footnotes 14-16 contain factual allegations to which a response is required, Defendants deny the allegations in Paragraph 98 and Footnotes 14-16, and respectfully refer the Court to the documents referenced in Paragraph 98 and Footnotes 14-16 for the exact content and context thereof.

   b.  **Brainstorm's Development of NurOwn: Defendants Ignore FDA's Admonitions and Tell Investors FDA is "Aligned" with Brainstorm's Phase 3 Trial Design**

99.     Defendants deny the allegations in Paragraph 99, except admit that BrainStorm has a proprietary treatment for ALS called NurOwn, development of which included four clinical trials, and respectfully refer the Court to the document referenced in Paragraph 99 for the exact content and context thereof.

100.    To the extent that Paragraph 100 contains characterizations of the law and legal

conclusions, no response is required. To the extent Paragraph 100 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 100, except admit that BrainStorm submitted its Investigational New Drug application ("IND") to FDA on December 20, 2013, and that the FDA granted "Fast Track" status to NurOwn, and respectfully refer the Court to the documents referenced in Paragraph 100 for the exact content and context thereof.

101.    Defendants deny the allegations in Paragraph 101 and Footnote 17, and respectfully refer the Court to the document referenced in Paragraph 101 and Footnote 17 for the exact content and context thereof.

102.    Defendants deny the allegations in Paragraph 102 and Footnote 18, and respectfully refer the Court to the document referenced in Paragraph 102 and Footnote 18 for the exact content and context thereof.

103.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 103 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 103 and Footnote 19, and respectfully refer the Court to the document referenced in Paragraph 103 and Footnote 19 for the exact content and context thereof.

104.    Defendants deny the allegations in Paragraph 104, except admit that BrainStorm met with the FDA on November 21, 2016, and respectfully refer the Court to the FDA Briefing Document, on which the allegations in Paragraph 104 appear to be based, for the exact content and context thereof.

105.    Defendants deny the allegations in Paragraph 105 and Footnote 20, and respectfully refer the Court to the document referenced in Paragraph 105 and Footnote 20 for the exact content and context thereof.

106.         Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery, such that no response to the allegations in Paragraph 106 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 106 and Footnote 21, except admit that BrainStorm met with the FDA on August 7, 2017, and respectfully refer the Court to the document referenced in Paragraph 106 and Footnote 21 for the exact content and context thereof.

107.         Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, such that no response to the allegations in Paragraph 107 and Footnote 22 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 107 and Footnote 22, except admit that BrainStorm completed Phase 3 Trial patient enrollment in October 2019 and that Phase 3 was a randomized double-blind placebo-controlled trial consisting of 196 patients, and respectfully refer the Court to the document referenced in Paragraph 107 and Footnote 22 for the exact content and context thereof.

108.         Defendants deny the allegations in Paragraph 108 and Footnotes 23-24, and respectfully refer the Court to the document referenced in Paragraph 108 and Footnotes 23-24 for the exact content and context thereof.

109.         Defendants deny the allegations in Paragraph 109 and Footnote 25, and respectfully refer the Court to the document referenced in Paragraph 109 and Footnote 25 for the exact content and context thereof.

110.         Defendants deny the allegations in Paragraph 110, and respectfully refer the Court to the FDA Briefing Document, on which the allegations in Paragraph 110 appear to be based, for the exact content and context thereof.

111.    Defendants deny the allegations in Paragraph 111, except admit that BrainStorm met with the FDA on November 18, 2019, and respectfully refer the Court to the FDA Briefing Document, on which the allegations in Paragraph 111 appear to be based, for the exact content and context thereof.

112.    Defendants deny the allegations in Paragraph 112 and Footnote 26, and respectfully refer the Court to the document referenced in Paragraph 112 and Footnote 26 for the exact content and context thereof.

113.    Defendants deny the allegations in Paragraph 113 and Footnote 27, and respectfully refer the Court to the document referenced in Paragraph 113 and Footnote 27 for the exact content and context thereof.

114.    Defendants deny the allegations in Paragraph 114 and Footnote 28, and respectfully refer the Court to the document referenced in Paragraph 114 and Footnote 28 for the exact content and context thereof.

115.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 115 and Footnote 29 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 115 and Footnote 29, except admit that BrainStorm met with the FDA on February 5, 2020, and respectfully refer the Court to the document referenced in Paragraph 115 and Footnote 29 for the exact content and context thereof.

116.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 116 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 116, and respectfully refer the Court to the document referenced

in Paragraph 116 for the exact content and context thereof.

117.    Defendants deny the allegations in Paragraph 117, and respectfully refer the Court to the document referenced in Paragraph 117 for the exact content and context thereof.

118.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery, such that no response to the allegations in Paragraph 118 is required. Defendants deny the allegations in Paragraph 118, and respectfully refer the Court to the document referenced in Paragraph 118 for the exact content and context thereof.

119.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 119 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 119, except admit that BrainStorm sold shares of BrainStorm common stock during the alleged class period, and respectfully refer the Court to BrainStorm's SEC filings describing those sales for the exact content and context thereof.

120.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 120 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 120, except admit that BrainStorm sold shares of BrainStorm common stock during the alleged class period, and respectfully refer the Court to BrainStorm's SEC filings describing those sales for the exact content and context thereof.

121.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 121 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 121, and respectfully refer the Court to the Form 4 for the referenced sales for the exact

content and context thereof.

122.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 122 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 122, except admit that BrainStorm sold shares of BrainStorm common stock during the alleged class period, and respectfully refer the Court to BrainStorm's SEC filings describing those sales for the exact content and context thereof.

123.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 123 is required. To the extent that Paragraph 123 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 123 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 123, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the document referenced in Paragraph 123 for the exact content and context thereof and to the closing prices for BrainStorm common stock on November 16, 2020, and November 17, 2020, as reported by NASDAQ.

124.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 124 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 124, and respectfully refer the Court to the document referenced in Paragraph 124 for the exact content and context thereof.

125.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 125 is

required. To the extent that a response is required, Defendants deny the allegations in Paragraph 125, and respectfully refer the Court to the document referenced in Paragraph 125 for the exact content and context thereof.

126.    Defendants deny the allegations in Paragraph 126 and Footnote 30, and respectfully refer the Court to the document referenced in Paragraph 126 and Footnote 30 for the exact content and context thereof.

127.    Defendants deny the allegations in Paragraph 127, and respectfully refer the Court to the FDA Briefing Document and the AdComm Meeting Transcript, on which the allegations in Paragraph 127 appear to be based, for the exact content and context thereof.

128.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 128 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 128, except admit that BrainStorm sold shares of BrainStorm common stock during the alleged class period, and respectfully refer the Court to BrainStorm's SEC filings describing those sales for the exact content and context thereof.

129.    Defendants deny the allegations in Paragraph 129 and Footnote 31, except admit that BrainStorm met with the FDA on February 16, 2021, and respectfully refer the Court to the document referenced in Paragraph 129 and Footnote 31 for the exact content and context thereof.

130.    Defendants deny the allegations in Paragraph 130 and Footnote 32, except admit that BrainStorm met with the FDA on February 16, 2021, and respectfully refer the Court to the document referenced in Paragraph 130 and Footnote 32 for the exact content and context thereof.

131.    Defendants deny the allegations in Paragraph 131, except admit that BrainStorm met with the FDA on February 16, 2021, and respectfully refer the Court to the FDA Briefing

Document, on which the allegations in Paragraph 131 appear to be based, for the exact content and context thereof.

132.     Defendants deny the allegations in Paragraph 132 and Footnotes 33-34, and respectfully refer the Court to the document referenced in Paragraph 132 and Footnotes 33-34 for the exact content and context thereof.

133.     Defendants deny the allegations in Paragraph 133 and Footnote 35, except admit that BrainStorm met with the FDA on February 16, 2021, and respectfully refer the Court to the document referenced in Paragraph 133 and Footnote 35 for the exact content and context thereof.

134.     Defendants deny the allegations in Paragraph 134, and respectfully refer the Court to the document referenced in Paragraph 134 for the exact content and context thereof.

135.     To the extent that Paragraph 135 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 135 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 135, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the closing prices for BrainStorm common stock on February 19, 2021, and February 23, 2021, as reported by NASDAQ.

136.     To the extent that Paragraph 136 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 136 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph, and respectfully refer the Court to the document referenced in Paragraph 136 for the exact content and context thereof.

137.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph

137 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 137, except admit that BrainStorm sold shares of BrainStorm common stock during the alleged class period, and respectfully refer the Court to BrainStorm's SEC filings describing those sales for the exact content and context thereof.

        **c.** **Despite the Failed Phase 3 Trial of NurOwn Brainstorm Claims a "Correction" in the Phase 3 Trial's Data Analysis Shows Efficacy and Announces it will Submit a BLA to FDA**

138.      Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 138 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 138, and respectfully refer the Court to the document referenced in Paragraph 138 for the exact content and context thereof.

139.      Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 139 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 139, and respectfully refer the Court to the document referenced in Paragraph 139 for the exact content and context thereof.

140.      Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 140 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 140, and respectfully refer the Court to the document referenced in Paragraph 140 for the exact content and context thereof.

141.      Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that

no response to the allegations in Paragraph 141 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 141, and respectfully refer the Court to the document referenced in Paragraph 141 for the exact content and context thereof.

142.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 142 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 142 and respectfully refer the Court to the document referenced in Paragraph 142 for the exact content and context thereof.

143.     Defendants deny the allegations in Paragraph 143 and respectfully refer the Court to the document referenced in Paragraph 143 for the exact content and context thereof.

144.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 144 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 144, and respectfully refer the Court to the document referenced in Paragraph 144 for the exact content and context thereof.

145.     Defendants deny the allegations in Paragraph 145 and Footnote 36, and respectfully refer the Court to the document referenced in Paragraph 145 and Footnote 36 for the exact content and context thereof.

146.     Defendants deny the allegations in Paragraph 146 and Footnote 37, and respectfully refer the Court to the document referenced in Paragraph 146 and Footnote 37 for the exact content and context thereof.

147.     Defendants deny the allegations in Paragraph 147 and Footnote 38, and respectfully refer the Court to the document referenced in Paragraph 147 and Footnote 38 for the exact content

and context thereof.

148.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 148 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 148, and respectfully refer the Court to the document referenced in Paragraph 148 for the exact content and context thereof.

149.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 149 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 149, and respectfully refer the Court to the document referenced in Paragraph 149 for the exact content and context thereof.

150.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 150 and Footnotes 39-40 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 150 and Footnotes 39-40, and respectfully refer the Court to the document referenced in Paragraph 150 and Footnotes 39-40 for the exact content and context thereof.

151.    Defendants deny the allegations in Paragraph 151, except admit that BrainStorm submitted the BLA to the FDA on September 9, 2022, and respectfully refer the Court to the document referenced in Paragraph 151 for the exact content and context thereof.

152.    Defendants deny the allegations in Paragraph 152 and Footnote 41, except admit that the FDA issued a refuse to file ("RTF") letter on November 8, 2022, and respectfully refer the Court to the document referenced in Paragraph 152 and Footnote 41 for the exact content and

context thereof.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of any statements allegedly made to Plaintiffs' counsel by the former employee referenced in Paragraph 154 of the Amended Complaint.

155.    Defendants deny the allegations in Paragraph 155, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of any statements allegedly made to Plaintiffs' counsel by the former employee referenced in Paragraph 155 of the Amended Complaint.

156.    Defendants deny the allegations in Paragraph 156, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of any statements allegedly made to Plaintiffs' counsel by the former employee referenced in Paragraph 156 of the Amended Complaint.

157.    Defendants deny the allegations in Paragraph 157, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of any statements allegedly made to Plaintiffs' counsel by the former employee referenced in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations in Paragraph 158, and respectfully refer the Court to the document referenced in Paragraph 158 for the exact content and context thereof.

159.    To the extent that Paragraph 159 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 159 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 159, except admit

that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the closing prices for BrainStorm common stock on November 9, 2022, and November 10, 2022, as reported by NASDAQ.

    **d. Brainstorm Conceals Critical Information Concerning the Substance of the RFT and Files the BLA Over Protest**

160. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 160 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 160, and respectfully refer the Court to the document referenced in Paragraph 160 for the exact content and context thereof.

161. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the allegations in Paragraph 161 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 161, and respectfully refer the Court to the document referenced in Paragraph 161 for the exact content and context thereof.

162. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 162 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 162, and respectfully refer the Court to the document referenced in Paragraph 162 for the exact content and context thereof.

163. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery, such that no response to the allegations in Paragraph 163 is required. To the extent that a response is required, Defendants deny the allegations in

Paragraph 163, and respectfully refer the Court to the document referenced in Paragraph 163 for the exact content and context thereof.

164.    Defendants deny the allegations in Paragraph 164, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of any statements allegedly made to Plaintiffs' counsel by the former employee referenced in Paragraph 164 of the Amended Complaint.

165.    Defendants deny the allegations in Paragraph 165, except admit that BrainStorm met with the FDA on January 11, 2023, and respectfully refer the Court to the document referenced in Paragraph 165 for the exact content and context thereof.

166.    Defendants deny the allegations in Paragraph 166 and Footnote 42, and respectfully refer the Court to the document referenced in Paragraph 166 and Footnote 42 for the exact content and context thereof.

167.    Defendants deny the allegations in Paragraph 167 and Footnote 43, and respectfully refer the Court to the document referenced in Paragraph 167 and Footnote 43 for the exact content and context thereof.

168.    Defendants deny the allegations in Paragraph 168, except admit that BrainStorm notified the FDA of its request to file the BLA over protest and that BrainStorm re-filed the BLA on February 7, 2023, and respectfully refer the Court to the documents referenced in Paragraph 168 for the exact content and context thereof.

169.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 169 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 169, and respectfully refer the Court to the

document referenced in Paragraph 169 for the exact content and context thereof.

170.    Defendants deny the allegations in Paragraph 170 and Footnote 44, and respectfully refer the Court to the document referenced in Paragraph 170 and Footnote 44 for the exact content and context thereof.

171.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 171 and Footnote 45 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 171 and Footnote 45, and respectfully refer the Court to the document referenced in Paragraph 171 and Footnote 45 for the exact content and context thereof.

172.    Defendants deny the allegations in Paragraph 172 and Footnote 46, and respectfully refer the Court to the document referenced in Paragraph 172 and Footnote 46 for the exact content and context thereof.

173.    Defendants deny the allegations in Paragraph 173 and Footnote 47, and respectfully refer the Court to the document referenced in Paragraph 173 and Footnote 47 for the exact content and context thereof.

174.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or opinion statements, such that no response to the allegations in Paragraph 174 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 174, and respectfully refer the Court to the documents referenced in Paragraph 174 for the exact content and context thereof.

175.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the

allegations in Paragraph 175 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 175, and respectfully refer the Court to the document referenced in Paragraph 175 for the exact content and context thereof.

176.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the allegations in Paragraph 176 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 176, and respectfully refer the Court to the document referenced in Paragraph 176 for the exact content and context thereof.

177.    Defendants deny the allegations in Paragraph 177, and respectfully refer the Court to the document referenced in Paragraph 177 for the exact content and context thereof.

178.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the allegations in Paragraph 178 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 178, and respectfully refer the Court to the document referenced in Paragraph 178 for the exact content and context thereof.

179.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 179 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 179, and respectfully refer the Court to the document referenced in Paragraph 179 for the exact content and context thereof.

180.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 180 is required. To the extent that a response is required, Defendants

deny the allegations in Paragraph 180, and respectfully refer the Court to the document referenced in Paragraph 180 for the exact content and context thereof.

181.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 181 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 181, and respectfully refer the Court to the document referenced in Paragraph 181 for the exact content and context thereof.

182.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the allegations in Paragraph 182 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 182, and respectfully refer the Court to the document referenced in Paragraph 182 for the exact content and context thereof.

183.    Defendants deny the allegations in Paragraph 183, and respectfully refer the Court to the document referenced in Paragraph 183 for the exact content and context thereof.

184.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, forward-looking statements, or opinion statements, such that no response to the allegations in Paragraph 184 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 184, and respectfully refer the Court to the document referenced in Paragraph 184 for the exact content and context thereof.

185.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, forward-looking statements, or opinion statements, such that no response to the allegations in Paragraph 185 is required. To the

extent that a response is required, Defendants deny the allegations in Paragraph 185, and respectfully refer the Court to the document referenced in Paragraph 185 for the exact content and context thereof.

186.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 186 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 186, except admit that BrainStorm sold shares of BrainStorm common stock during the alleged class period, and respectfully refer the Court to BrainStorm's SEC filings describing those sales for the exact content and context thereof.

187.     Defendants deny the allegations in Paragraph 187, and respectfully refer the Court to the document referenced in Paragraph 187 for the exact content and context thereof.

188.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 188 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 188, and respectfully refer the Court to the document referenced in Paragraph 188 for the exact content and context thereof.

189.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 189 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 189, and respectfully refer the Court to the document referenced in Paragraph 189 for the exact content and context thereof..

190.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph

190 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 190, except admit that BrainStorm sold shares of BrainStorm common stock during the alleged class period, and respectfully refer the Court to BrainStorm's SEC filings describing those sales for the exact content and context thereof.

**e.    Defendants Announce the Result of the AdComm and FDA Releases the Briefing Document Exposing Defendants' Prior Misstatements.**

191.    Defendants deny the allegations in Paragraph 191, except admit that the FDA released the FDA Briefing Document on September 25, 2023, that the Advisory Committee meeting took place on September 27, 2023, and the Advisory Committee Members voted 17:1 against FDA approval of NurOwn, with one abstention.

192.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 192 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 192, and respectfully refer the Court to the document referenced in Paragraph 192 for the exact content and context thereof.

193.    To the extent that Paragraph 193 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 193 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 193, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the closing prices for BrainStorm common stock on September 22, 2023, and September 25, 2023, as reported by NASDAQ.

194.    To the extent that Paragraph 194 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 194 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 194, except admit

that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the closing prices for BrainStorm common stock on September 27, 2023, and September 28, 2023, as reported by NASDAQ.

195. Defendants deny the allegations in Paragraph 195, and respectfully refer the Court to the documents referenced in Paragraph 195 for the exact content and context thereof.

196. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, such that no response to the allegations in Paragraph 196 and Footnotes 48-49 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 196 and Footnotes 48-49, and respectfully refer the Court to the documents referenced in Paragraph 196 and Footnotes 48-49 for the exact content and context thereof.

197. Defendants deny the allegations in Paragraph 197 and Footnote 50, and respectfully refer the Court to the document referenced in Paragraph 197 and Footnote 50 for the exact content and context thereof.

198. Defendants deny the allegations in Paragraph 198 and Footnotes 51-56, and respectfully refer the Court to the document referenced in Paragraph 198 and Footnotes 51-56 for the exact content and context thereof.

199. Defendants deny the allegations in Paragraph 199 and Footnotes 57-58, and respectfully refer the Court to the document referenced in Paragraph 199 and Footnotes 57-58 for the exact content and context thereof.

200. Defendants deny the allegations in Paragraph 200 and Footnotes 59-61, and respectfully refer the Court to the documents referenced in Paragraph 200 and Footnotes 59-61 for the exact content and context thereof.

201.     Defendants deny the allegations in Paragraph 201 and Footnote 62, and respectfully refer the Court to the document referenced in Paragraph 201 and Footnote 62 for the exact content and context thereof.

202.     Defendants deny the allegations in Paragraph 202 and Footnote 63, and respectfully refer the Court to the document referenced in Paragraph 202 and Footnote 63 for the exact content and context thereof.

203.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, forward-looking statements, or statements involving puffery, such that no response to the allegations in Paragraph 203 and Footnotes 64-68 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 203 and Footnotes 64-68, and respectfully refer the Court to the documents referenced in Paragraph 203 and Footnotes 64-68 for the exact content and context thereof.

204.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, such that no response to the allegations in Paragraph 204 and Footnotes 69-71 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 204 and Footnotes 69-71 and respectfully refer the Court to the documents referenced in Paragraph 204 and Footnotes 69-71 for the exact content and context thereof.

205.     Defendants deny the allegations in Paragraph 205 and Footnote 72, and respectfully refer the Court to the document referenced in Paragraph 205 and Footnote 72 for the exact content and context thereof.

206.      Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, such that no response to the allegations in Paragraph 206 and Footnote 73 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 206 and Footnote 73, and respectfully refer the Court to the document referenced in Paragraph 206 and Footnote 73 for the exact content and context thereof.

207.      Defendants deny the allegations in Paragraph 207, and respectfully refer the Court to the document referenced in Paragraph 207 for the exact content and context thereof.

208.      Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery, such that no response to the allegations in Paragraph 208 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 208, and respectfully refer the Court to the document referenced in Paragraph 208 for the exact content and context thereof.

209.      Defendants deny the allegations in Paragraph 209, and respectfully refer the Court to the document referenced in Paragraph 209 for the exact content and context thereof.

210.      Defendants deny the allegations in Paragraph 210, and respectfully refer the Court to the document referenced in Paragraph 210 for the exact content and context thereof.

211.      Defendants deny the allegations in Paragraph 211, and respectfully refer the Court to the document referenced in Paragraph 211 for the exact content and context thereof.

212.      To the extent that a response is required, Defendants deny the allegations in Paragraph 212, and respectfully refer the Court to the document referenced in Paragraph 212 for the exact content and context thereof.

## VI.    DEFENDANTS' FALSE AND MISLEADING STATEMENTS

213.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 213 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 213, and respectfully refer the Court to the document referenced in Paragraph 213 for the exact content and context thereof.

214.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 214 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 214, and respectfully refer the Court to the document referenced in Paragraph 214 for the exact content and context thereof.

215.    Defendants deny the allegations in Paragraph 215, and respectfully refer the Court to the document referenced in Paragraph 215 for the exact content and context thereof.

216.    Defendants deny the allegations in Paragraph 216, and respectfully refer the Court to the document referenced in Paragraph 216 for the exact content and context thereof.

217.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 217 is required. To the extent that Paragraph 217 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 217 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 217, and respectfully refer the Court to the documents referenced in Paragraph 217 for the exact content and context thereof.

218.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 218 is

required. To the extent that Paragraph 218 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 218 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 218, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the document referenced in Paragraph 218 for the exact content and context thereof and to the closing prices for BrainStorm common stock on November 16, 2020, and November 17, 2020, as reported by NASDAQ.

219.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 219 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 219, and respectfully refer the Court to the document referenced in Paragraph 219 for the exact content and context thereof.

220.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 220 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 220, and respectfully refer the Court to the document referenced in Paragraph 220 for the exact content and context thereof.

221.     Defendants deny the allegations in Paragraph 221, except admit that the November 17, 2020 Form 8-K was signed by Mr. Lebovits, and respectfully refer the Court to the documents referenced in Paragraph 221 for the exact content and context thereof.

222.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 222 is required. To the extent that Paragraph 222

contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 222 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 222, and respectfully refer the Court to the document referenced in Paragraph 222 for the exact content and context thereof.

223. To the extent that a response is required, Defendants deny the allegations in Paragraph 223, and respectfully refer the Court to the document referenced in Paragraph 223 for the exact content and context thereof.

224. Defendants deny the allegations in Paragraph 224, and respectfully refer the Court to the document referenced in Paragraph 224 for the exact content and context thereof.

225. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 225 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 225, and respectfully refer the Court to the document referenced in Paragraph 225 for the exact content and context thereof.

226. Defendants deny the allegations in Paragraph 226, except admit that the August 15, 2022 Form 8-K was signed by Mr. Lebovits, and respectfully refer the Court to the documents referenced in Paragraph 226 for the exact content and context thereof.

227. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 227 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 227, and respectfully refer the Court to the document referenced in Paragraph 227 for the exact content and context thereof.

228. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all

claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 228 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 228, and respectfully refer the Court to the document referenced in Paragraph 228 for the exact content and context thereof.

229.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 229 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 229, and respectfully refer the Court to the document referenced in Paragraph 229 for the exact content and context thereof.

230.    Defendants deny the allegations in Paragraph 230, and respectfully refer the Court to the document referenced in Paragraph 230 for the exact content and context thereof.

231.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 231 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 231, and respectfully refer the Court to the document referenced in Paragraph 231 for the exact content and context thereof.

232.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 232 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 232, and respectfully refer the Court to the document referenced in Paragraph 232 for the exact content and context thereof.

233.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that

no response to the allegations in Paragraph 233 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 233, and respectfully refer the Court to the document referenced in Paragraph 233 for the exact content and context thereof.

234.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, forward-looking statements, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 234 is required. To the extent that Paragraph 234 contains characterizations of the law and legal conclusions, no response is required. To the extent Paragraph 234 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 234, and respectfully refer the Court to the documents referenced in Paragraph 234 for the exact content and context thereof.

235.     Defendants deny the allegations in Paragraph 235, and respectfully refer the Court to the document referenced in Paragraph 235 for the exact content and context thereof.

236.     Defendants deny the allegations in Paragraph 236, and respectfully refer the Court to the document referenced in Paragraph 236 for the exact content and context thereof.

237.     Defendants deny the allegations in Paragraph 237, except admit that the FDA issued an RTF letter to BrainStorm on November 8, 2022, and respectfully refer the Court to the document referenced in Paragraph 237 for the exact content and context thereof.

238.     Defendants deny the allegations in Paragraph 238, and respectfully refer the Court to the document referenced in Paragraph 238 for the exact content and context thereof.

239.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the allegations in Paragraph 239 is required. To the extent that a response is required, Defendants deny

the allegations in Paragraph 239, and respectfully refer the Court to the document referenced in Paragraph 239 for the exact content and context thereof.

240.      Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 240 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 240, and respectfully refer the Court to the document referenced in Paragraph 240 for the exact content and context thereof.

241.      Defendants deny the allegations in Paragraph 241, except admit that the November 14, 2022 Form 8-K was signed by Mr. Lebovits.

242.      Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery, such that no response to the allegations in Paragraph 242 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 242, and respectfully refer the Court to the document referenced in Paragraph 242 for the exact content and context thereof.

243.      Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, forward-looking statements, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 243 is required. To the extent that Paragraph 243 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 243 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 243, and respectfully refer the Court to the document referenced in Paragraph 243 for the exact content and context thereof.

244. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 244 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 244, and respectfully refer the Court to the document referenced in Paragraph 244 for the exact content and context thereof.

245. To the extent that a response is required, Defendants deny the allegations in Paragraph 245, and respectfully refer the Court to the document referenced in Paragraph 245 for the exact content and context thereof.

246. Defendants deny the allegations in Paragraph 246, and respectfully refer the Court to the document referenced in Paragraph 246 for the exact content and context thereof.

247. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or opinion statements, such that no response to the allegations in Paragraph 247 and Footnote 74 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 247 and Footnote 74, and respectfully refer the Court to the document referenced in Paragraph 247 and Footnote 74 for the exact content and context thereof.

248. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 248 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 248, and respectfully refer the Court to the document referenced in Paragraph 248 for the exact content and context thereof.

249. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or opinion statements, such that no response to the

allegations in Paragraph 249 is required. To the extent that Paragraph 249 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 249 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 249, and respectfully refer the Court to the document referenced in Paragraph 249 for the exact content and context thereof.

250.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the allegations in Paragraph 250 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 250, and respectfully refer the Court to the document referenced in Paragraph 250 for the exact content and context thereof.

251.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the allegations in Paragraph 251 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 251, and respectfully refer the Court to the document referenced in Paragraph 251 for the exact content and context thereof.

252.    Defendants deny the allegations in Paragraph 252, and respectfully refer the Court to the document referenced in Paragraph 252 for the exact content and context thereof.

253.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on statements involving puffery or opinion statements, such that no response to the allegations in Paragraph 253 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 253, and respectfully refer the Court to the document referenced in Paragraph 253 for the exact content and context thereof.

254.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all

claims based on forward-looking statements, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 254 is required. To the extent that Paragraph 254 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 254 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 254, and respectfully refer the Court to the document referenced in Paragraph 254 for the exact content and context thereof.

255. Defendants deny the remaining allegations in Paragraph 255, and respectfully refer the Court to the document referenced in Paragraph 255 for the exact content and context thereof.

256. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 256 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 256, and respectfully refer the Court to the document referenced in Paragraph 256 for the exact content and context thereof.

257. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 257 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 257, and respectfully refer the Court to the document referenced in Paragraph 257 for the exact content and context thereof.

258. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 258 is required. To the extent that Paragraph 258 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 258 contains factual allegations to which a response is required, Defendants

deny the allegations in Paragraph 258, and respectfully refer the Court to the document referenced in Paragraph 258 for the exact content and context thereof.

259. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 259 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 259, and respectfully refer the Court to the document referenced in Paragraph 259 for the exact content and context thereof.

260. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 260 is required. To the extent that Paragraph 260 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 260 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 260, and respectfully refer the Court to the document referenced in Paragraph 260 for the exact content and context thereof.

261. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements or statements involving puffery, such that no response to the allegations in Paragraph 261 is required. To the extent that Paragraph 261 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 261 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 261, and respectfully refer the Court to the document referenced in Paragraph 261 for the exact content and context thereof.

262. Defendants deny the allegations in Paragraph 262, and respectfully refer the Court to the document referenced in Paragraph 262 for the exact content and context thereof.

263.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 263 is required. To the extent that Paragraph 263 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 263 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 263, and respectfully refer the Court to the document referenced in Paragraph 263 for the exact content and context thereof.

264.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, forward-looking statements, or opinion statements, such that no response to the allegations in Paragraph 264 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 264, and respectfully refer the Court to the document referenced in Paragraph 264 for the exact content and context thereof.

265.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, forward-looking statements, or opinion statements, such that no response to the allegations in Paragraph 265 is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 265, and respectfully refer the Court to the document referenced in Paragraph 265 for the exact content and context thereof.

266.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data, forward-looking statements, or opinion statements, such that no response to the allegations in Paragraph 266 is required. To the extent that Paragraph 266 contains characterizations of the law and legal conclusions, no response

is required. To the extent that Paragraph 266 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 266, and respectfully refer the Court to the document referenced in Paragraph 266 for the exact content and context thereof.

267. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 267 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 267, and respectfully refer the Court to the document referenced in Paragraph 267 for the exact content and context thereof.

268. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 268 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 268, and respectfully refer the Court to the document referenced in Paragraph 268 for the exact content and context thereof.

269. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on the alleged statements regarding biomarker data or opinion statements, such that no response to the allegations in Paragraph 269 is required. To the extent that Paragraph 269 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 269 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 269, and respectfully refer the Court to the document referenced in Paragraph 269 for the exact content and context thereof.

270. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 270 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph

270, and respectfully refer the Court to the document referenced in Paragraph 270 for the exact content and context thereof.

271.　　　　Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on opinion statements, such that no response to the allegations in Paragraph 271 is required. To the extent that Paragraph 271 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 271 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 271, and respectfully refer the Court to the document referenced in Paragraph 271 for the exact content and context thereof.

## VII.　ADDITIONAL SCIENTER ALLEGATIONS

272.　　　　To the extent that Paragraph 272 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 272 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 272 and respectfully refer the Court to the document referenced in Paragraph 272 for the exact content and context thereof.

273.　　　　To the extent that Paragraph 273 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 273 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 273.

274.　　　　To the extent that Paragraph 274 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 274 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 274.

275.　　　　To the extent that Paragraph 275 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 275 contains factual allegations to

which a response is required, Defendants deny the allegations in Paragraph 275, and respectfully refer the Court to the documents referenced in Paragraph 275 for the exact content and context thereof.

276. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 276 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 276, except admit that BrainStorm sold shares of BrainStorm common stock during the alleged class period, and respectfully refer the Court to BrainStorm's SEC filings describing those sales for the exact content and context thereof.

277. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 277 is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 277, and respectfully refer the Court to the Form 4 for the referenced sales for the exact content and context thereof.

278. To the extent that Paragraph 278 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 278 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 278, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the content of any statements allegedly made to Plaintiffs' counsel by the former employee referenced in Paragraph 278 of the Amended Complaint.

279. To the extent that Paragraph 279 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 279 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 279, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the

57

content of any statements allegedly made to Plaintiffs' counsel by the former employees referenced in Paragraph 279 of the Amended Complaint.

## VIII.    LOSS CAUSATION/ECONOMIC LOSS

280.        Defendants deny the allegations in Paragraph 280, and respectfully refer the Court to the document referenced in Paragraph 280 for the exact content and context thereof.

281.        To the extent that Paragraph 281 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 281 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 281, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the closing prices for BrainStorm common stock on November 16, 2020, and November 17, 2020, as reported by NASDAQ.

282.        Defendants deny the allegations in Paragraph 282, and respectfully refer the Court to the document referenced in Paragraph 282 for the exact content and context thereof.

283.        To the extent that Paragraph 283 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 283 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 283, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the closing price for BrainStorm common stock on February 19, 2021, and February 23, 2021, as reported by NASDAQ.

284.        Defendants deny the allegations in Paragraph 284, and respectfully refer the Court to the document referenced in Paragraph 284 for the exact content and context thereof.

285.        To the extent that Paragraph 285 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 285 contains factual allegations

to which a response is required, Defendants deny the allegations in Paragraph 285, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the closing prices for BrainStorm common stock on November 9, 2022, and November 10, 2022, as reported by NASDAQ.

286.    Defendants deny the allegations in Paragraph 286, and respectfully refer the Court to the document referenced in Paragraph 286 for the exact content and context thereof.

287.    To the extent that Paragraph 287 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 287 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 287, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the closing prices for BrainStorm common stock on September 22, 2023, and September 25, 2023, as reported by NASDAQ.

288.    Defendants deny the allegations in Paragraph 288, except admit that the FDA Advisory Committee Meeting took place on September 27, 2023, and respectfully refer the Court to the documents referenced in Paragraph 288 for the exact content and context thereof.

289.    To the extent that Paragraph 289 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 289 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 289, except admit that BrainStorm's common stock trades on the NASDAQ stock market, and respectfully refer the Court to the closing prices for BrainStorm common stock on September 27, 2023, and September 28, 2023, as reported by NASDAQ.

290.     To the extent that Paragraph 290 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 290 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 290.

## IX.     INVESTORS' CLASS ACTION ALLEGATIONS

291.     To the extent that Paragraph 291 contains characterizations of the Amended Complaint, no response is required. To the extent that Paragraph 291 contains characterizations of the law and legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 291.

292.     To the extent that Paragraph 292 contains characterizations of the law and legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 292, except admit that BrainStorm common stock traded on the NASDAQ stock market during the alleged class period.

293.     To the extent that Paragraph 293 contains characterizations of the law and legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 293.

294.     To the extent that Paragraph 294 contains characterizations of the law and legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 294.

295.     To the extent that Paragraph 295 contains characterizations of the law and legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 295.

296.    To the extent that Paragraph 296 contains characterizations of the law and legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 296.

297.    To the extent that Paragraph 297 contains characterizations of the law and legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 297, except admit that BrainStorm common stock traded on the NASDAQ stock market during the alleged class period and respectfully refer the Court to the trading volume for BrainStorm common stock as reported by NASDAQ during the alleged class period; admit that BrainStorm filed periodic public reports with the SEC during the alleged class period; admit that BrainStorm issued press releases during the alleged class period; and admit that certain analysts wrote reports concerning BrainStorm during the alleged class period.

298.    To the extent that Paragraph 298 contains characterizations of the law and legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 298.

299.    To the extent that Paragraph 299 contains characterizations of the law and legal conclusions, no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 299.

## X.    NO SAFE HARBOR

300.    Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements, such that no response to the allegations in Paragraph 300 is required. To the extent that Paragraph 300 contains characterizations of the law and legal conclusions, no response is required. To the extent Paragraph 300 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 300.

301. Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on forward-looking statements, such that no response to the allegations in Paragraph 301 is required. To the extent that Paragraph 301 contains characterizations of the law and legal conclusions, no response is required. To the extent Paragraph 301 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 301.

**COUNT I**
**For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder**
**Against All Defendants**

302. In response to Paragraph 302, Defendants repeat and incorporate by reference their responses to each and every allegation contained in Paragraphs 1-301 and Footnotes 1-74 of the Amended Complaint as if fully set forth herein.

303. Defendants state that Paragraph 303 contains characterizations of the Amended Complaint to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 303.

304. To the extent that Paragraph 304 contains characterizations of the law and legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 304.

305. To the extent that Paragraph 305 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 305 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 305.

306. To the extent that Paragraph 306 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 306 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 306.

307. To the extent that Paragraph 307 contains characterizations of the law and legal

conclusions, no response is required. To the extent that Paragraph 307 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 307.

308.     To the extent that Paragraph 308 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 308 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 308.

309.     To the extent that Paragraph 309 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 309 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 309.

310.     To the extent that Paragraph 310 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 310 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 310.

311.     To the extent that Paragraph 311 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 311 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 311.

**COUNT II**
**Violation of Section 10(b) of the Exchange Act For Insider Trading Against Defendants Brainstorm and Lebovitz**

312.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading or statements involving puffery, such that no response to the allegations in Paragraph 312 is required. To the extent that Paragraph 312 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 312 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 312.

313.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, the alleged statements regarding biomarker data, statements involving puffery, or opinion statements, such that no response to the allegations in Paragraph 313 is required. To the extent that Paragraph 313 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 313 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 313.

314.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 314 is required. To the extent that Paragraph 314 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 314 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 314.

315.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 315 is required. To the extent that Paragraph 315 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 315 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 315, and respectfully refer the Court to the Form 4 and BrainStorm's SEC filings describing the referenced sales for the exact content and context thereof.

316.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 316 is required. To the extent that Paragraph 316 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 316 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 316.

317.     Defendants state that this Court's Opinion and Order (Dkt. No. 39) dismissed all claims based on allegations of insider trading, such that no response to the allegations in Paragraph 317 is required. To the extent that Paragraph 317 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 317 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 317.

## COUNT III
Violations of Section 20(a) of the Exchange Act
Against the Individual Defendants

318.     In response to Paragraph 318, Defendants repeat and incorporate by reference their responses to each and every allegation contained in Paragraphs 1-317 and Footnotes 1-74 of the Amended Complaint as if fully set forth herein.

319.     To the extent that Paragraph 319 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 319 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 319.

320.     To the extent that Paragraph 320 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 320 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 320.

321.     To the extent that Paragraph 321 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 321 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 321.

322.     To the extent that Paragraph 322 contains characterizations of the law and legal conclusions, no response is required. To the extent that Paragraph 322 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 322.

**RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

Answering Plaintiffs' Prayer for Relief, Defendants deny that this action is appropriate for class treatment or that Plaintiffs are entitled to any relief from BrainStorm.

## RESPONSE TO PLAINTIFFS' DEMAND FOR TRIAL BY JURY

Answering Plaintiffs' Demand for Trial by Jury, Defendants deny that Plaintiffs have a right to a jury trial, except admit that Plaintiffs have asserted a demand for a jury trial.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, Defendants assert the following affirmative and other defenses. To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are not suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure or any other applicable law, and Plaintiffs are not suitable class representatives.

## SECOND AFFIRMATIVE DEFENSE

This action may not be maintained as a class action because the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

## THIRD AFFIRMATIVE DEFENSE

This action may not be maintained as a class action because the commonality requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

66

## FOURTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action because the typicality requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

## FIFTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action because the adequacy of representation requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

## SIXTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action because the ascertainability requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

## SEVENTH AFFIRMATIVE DEFENSE

The BrainStorm securities at issue did not trade in an efficient market.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged statements complained of did not impact the price of BrainStorm securities.

## NINTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the Amended Complaint fails to meet the requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act, 14 U.S.C. § 78u-5 ("PSLRA").

## ELEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because it fails to allege any actionable misstatement, misrepresentation or omission by any Defendant.

67

## TWELFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because none of the alleged misrepresentations or omissions in the Amended Complaint were, in fact, false or misleading in any way.

## THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Defendants did not omit or fail to state any facts that were necessary in order to make any statement made by Defendants not false or misleading.

## FOURTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the statements alleged in the Amended Complaint, if any were in fact made, did not contain untrue material facts and all statements alleged to have been made (if any) had a reasonable basis in fact and/or were immaterial as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted without intent to defraud and without recklessness, and Defendants believed, at the time the statements alleged in the Amended Complaint were made, if any were in fact made, that those statements were correct and not misleadingly incomplete.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the allegedly untrue statements of fact and omissions of fact in the Amended Complaint were immaterial as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because some or all of the statements alleged in the Amended Complaint, if any were in fact made, bespoke caution about the risks of investing in BrainStorm or were corporate puffery.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because some or all of the statements alleged in the Amended Complaint, if any were in fact made, were forward-looking and rendered inactionable by the safe harbor provisions of the PSLRA.

**NINETEENTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because some or all of the statements alleged in the Amended Complaint, if any were in fact made, were matters of opinion, and at the time the statements allegedly were made, the speaker held the belief professed, any supporting facts supplied were true, and no information was omitted that would make the alleged statements misleading to a reasonable investor.

**TWENTIETH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because Plaintiffs lack standing to sue or to pursue any claims against Defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because the fraud on the market theory is not applicable and/or is not a basis of liability with respect to one or more of the claims asserted in this action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to a presumption of reliance because the claims asserted are not predicated on omissions of material fact that Defendants were under a duty to disclose.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because at all relevant times, Plaintiffs did not rely on any alleged material misstatements or omissions, or on the market price, or on the integrity

69

of the market as affected by any alleged misrepresentations or omissions by Defendants in connection with their alleged purchases of BrainStorm securities.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Defendants did not act with the requisite scienter. Defendants did not make any of the alleged misrepresentations or omissions in the Amended Complaint with the intent to deceive and/or for the purpose of inducing the purchase or sale of BrainStorm stock by Plaintiffs. Defendants are not liable for Plaintiffs' claims because Defendants did not know, and could not have known with the exercise of reasonable care, the untruth of any alleged misrepresentations or the fact of any material omission.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The action is barred, in whole or in part, because the actual facts that Plaintiffs allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Plaintiffs are not entitled to any recovery because the substance of the allegedly material information that Plaintiffs allege to have been omitted or misrepresented was in fact disclosed in BrainStorm's own public filings and announcements, in the documents and securities referenced in the Amended Complaint, in the public disclosures of other parties and non-parties, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The action is barred, in whole or in part, because Plaintiffs and the market were informed of the material information and risks associated with their investments in SEC filings and their amendments, press releases, proxy statements, advertisements, and other materials available to Plaintiffs and/or the market.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because at all relevant times Defendants had no duty to disclose the allegedly omitted information.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because Defendants were under no duty to revise, update, and/or correct any previously made statements that Plaintiffs allege were not subsequently revised, updated and/or corrected.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because the statements alleged in the Amended Complaint to be false or misleading, were not made for the purpose of inducing the purchase or sale of a security.

**THIRTIETH AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because Plaintiffs have not suffered any legally cognizable injury or damage.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because any injury sustained by Plaintiffs were not directly or proximately caused by the alleged actions of Defendants as alleged in the Amended Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, because the former employees described in the Amended Complaint never made the statements they are alleged to have made to Plaintiffs' counsel, and those alleged statements should be stricken from the Amended Complaint.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

This action is barred, in whole or in part, due to the absence of loss causation. Specifically, Defendants were not the cause of any alleged injury or loss or damages suffered by Plaintiffs or the putative class members. Any injury or loss or damages suffered by Plaintiffs or putative the class members is the proximate result, either in whole or in part, of actions or omissions of persons or entities other than, or superseding and intervening events unconnected to, Defendants.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by lack of transaction causation because Defendants did not directly or indirectly cause any alleged injury suffered by Plaintiffs or the putative class members or the alleged violations complained of in the Amended Complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and allegations are improperly vague, ambiguous, and confusing. Defendants reserve the right to request a more definite statement.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because of the absence of actual or justifiable reliance by Plaintiffs or the putative class members on the statements, acts, or omissions alleged in the Amended Complaint to have been made. Plaintiffs or the putative class members would have purchased Brainstorm stock even with full knowledge of the facts that Plaintiffs now allege were misrepresented or omitted.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the applicable statutes of limitations and other applicable periods of repose.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, inequitable conduct, contributory negligence, comparative negligence, assumption of risk, or ratification.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Defendants justifiably relied on information provided to them by others.

## FORTIETH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiffs and the putative class members failed to take reasonable action to mitigate any damages allegedly sustained as a result of the facts alleged in the Amended Complaint.

## FORTY-FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the alleged damages are speculative and thus not recoverable.

## FORTY-SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiffs are not entitled to the compensatory damages requested in the Amended Complaint.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to prejudgment or post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs, or any other fees or costs sought in the prayer for relief or otherwise in the Amended Complaint.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because, and to the extent that, any relief or recovery would unjustly enrich or constitute a windfall to Plaintiffs and the putative class

members. Any damages that may be awarded in connection with the claims asserted in the Amended Complaint are offset and/or must be reduced by the amount of the tax benefits accruing to Plaintiffs and the putative class members, by virtue of their deductions of capital loss, in order to prevent unjust enrichment of Plaintiffs and the putative class members.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, due to Defendants' compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Amended Complaint.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, to the extent it seeks to impose upon Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed pursuant to the federal securities laws, including the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder by the SEC.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiffs cannot establish the primary liability necessary to assert a control person liability claim under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a). The Individual Defendants are not subject to control person liability, as they and their subordinates acted in good faith and did not directly or indirectly induce any act alleged to constitute a violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because other parties not named in the Amended Complaint may be indispensable parties.

WHEREFORE, Defendants respectfully request that a final judgment be entered in their favor dismissing the Amended Complaint with prejudice; awarding Defendants the reasonable costs of this action, including reasonable attorneys' fees, experts' fees, and other costs; and granting Defendants such other and further relief as the Court deems just and proper.

Dated: November 26, 2025

Respectfully submitted,

*/s/ Douglas H. Flaum*
Douglas H. Flaum
Molly L. Leiwant
Dina Ljekperic
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212.813.8884
Fax: 212.504.0879
Dflaum@goodwinlaw.com
Mleiwant@goodwinlaw.com
dljekperic@goodwinlaw.com

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, Douglas H. Flaum, hereby certify that a copy of the foregoing was served via ECF to counsel of record for Plaintiffs on November 26, 2025.

*/s/ Douglas H. Flaum*